**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (SBN 128855)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123
(858) 244-7600  Fax (858) 836-0318

Attorney for TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC, KEVIN LANDRITH, and TIFFANY LEWIS,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE AVILA,<br><br>                                  Plaintiff,<br>v.<br><br>TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC, KEVIN LANDRITH, TIFFANY LEWIS, and ANTOINIETTE JAUREGUI.<br><br>                                  Defendants. | CASE NO.:   EDCV11-01505<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED; REQUEST FOR SANCTIONS**<br><br>[FRCP RULE 12(b)(6)]<br><br>Date:   Jan 23, 2012<br>Time:   1:30 PM<br>Dept.:   6<br>Judge: Hon. **Stephen V. Wilson**<br>Complaint Filed:       Sept 27, 2011 |

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE that on January 23, 2012 at 1:30 PM or as soon thereafter as

the matter may be heard in Dept. 6 at the above-entitled court, located at 312 N. Spring Street,

Los Angeles, CA 90012, Co-Defendants, TARGET NATIONAL BANK, LAW OFFICES OF

PATENAUDE & FELIX, APC, KEVIN LANDRITH, and TIFFANY LEWIS, will jointly and

severally move pursuant to FRCP 12 (b)(5) and 12(b)(6) because Plaintiff's Complaint fails to

state a claim upon which relief can be granted.

Further, pursuant to FRCP Rule 11, this Court's inherent powers, and 28 USC § 1927,

Co-Defendants will also request sanctions because of his unreasonable and vexatious Complaint.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Court's file in this matter, the pleadings and papers filed herein, and any argument that the Court may require.

Dated: November 30, 2011

**PATENAUDE & FELIX, A.P.C.**

By: _____
RAYMOND A. PATENAUDE, ESQ.
Attorneys for Defendants:
TARGET NATIONAL BANK
LAW OFFICES OF PATENAUDE &
FELIX, TIFFANY LEWIS, KEVIN
LANDRITH, ESQ.

**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (SBN 128855)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123
(858) 244-7600  Fax (858) 836-0318

Attorney for TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC, KEVIN LANDRITH, and TIFFANY LEWIS,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE AVILA,<br><br>                              Plaintiff,<br><br>v.<br><br>TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC, KEVIN LANDRITH, TIFFANY LEWIS, and ANTOINIETTE JAUREGUI<br><br>                              Defendants. | CASE NO.:   EDCV11-01505<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND/OR A MORE DEFINITE STATEMENT**<br><br>[FRCP RULE 12(b)(5); 12(b)(6); 12(e)]<br><br>Date:   Jan 23, 2012<br>Time:   1:30 PM<br>Dept.:   6<br>Judge: Hon. **Stephen V. Wilson**<br>Complaint Filed:   Sept 27, 2011 |

# BACKGROUND

**State Court Action:**

This lawsuit is the result of the Plaintiff being sued in a California state action for a credit card debt that he defaulted on. (*Target v. Rene Avila*) Superior Court of California, County of Riverside, Case #RIC10024352. (Lodged as Exhibit "A," is a true and correct copy of the State Court lawsuit.)

The basis of the State court action was a credit card that was issued to Plaintiff at his

request. He used the card, made payments on the card, then defaulted on those payments.  As a result, Co-Defendant, Target National Bank (hereinafter "Target') who was represented by Co-Defendant Patenaude & Felix, A.P.C., (hereinafter "P&F"), a law firm, filed suit against Plaintiff, Avila, on or about September 8, 2010.

Avila answered that lawsuit on or around January 25, 2011 and proceeded to propound discovery on the matter.  Co-Defendant Target responded to Avila's Discovery Requests on or around March 03, 2011.

On or around, July 11, 2011, after having received Co-Defendant Target's discovery responses, Avila, requested validation of the account, nearly 6 months after being sent the initial demand letter (Lodged as Exhibit B: Initial Demand Letter and Lodged as Exhibit C: Plaintiff's Notice of Dispute).  Pursuant to 15 USC 1692(f), Plaintiff was under no obligation to satisfy this request at that time. Furthermore, although Plaintiff claims the Initial Demand Letter was never received, it was sent to the ***same*** address Plaintiff provided to Co-Defendant Target ***and*** still uses today. In fact, Plaintiff used the same address as point of contact in filing Plaintiff's First Complaint as well as Plaintiff's First Amended Complaint.

On or around July13, 2011, Co-Defendant P&F appeared in court via associated local counsel, Antoiniette Jauregui (hereinafter "Jauregui"), at a mandatory Case Management Conference. Plaintiff now claims, Co-Defendant Jauregui's  appearance in court at the Case Management Conference was a violation of the Fair Debt Collections Practices Act (FDCPA).

**Federal Action Defendants:**

Target- Original creditor of the debt in the State court action.

Tiffany Lewis - Employee of Target, original creditor, signed the verification of discovery responses.

Law Offices of Patenaude & Felix, A.P.C. - The law firm representing Target in the State court action against Plaintiff, Avila.

Kevin Landrith, Esq. - A licensed California attorney, and an associate attorney at Patenaude & Felix, A.P.C.

Antoiniette Jauregui - Associated Local Counsel who appeared at the CMC on July 13,

2011.

# POINTS AND AUTHORITIES

## I

## MULTIPLE BASIS FOR THIS MOTION

Pursuant to *Federal Rule of Civil Procedure* (FRCP) §12(g), Defendant is incorporating several Defenses and Objections into this motion.  That Section, entitled "Consolidation of Defenses in Motion," states in relevant part:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.

Moreover, FRCP §12(b) states in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (2) lack of jurisdiction over the person, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted * * * .

## II

## PLAINTIFF'S ACTION SHOULD BE DISMISSED BECAUSE OF HIS FAILURE TO STATE CLAIM UPON WHICH RELIEF COULD BE GRANTED [FRCP 12(b)(6)]

Defendants move this Court to dismiss plaintiff's Complaint for failure to state a claim pursuant to both the federal *in forma pauperis* statute 28 USC § 1915(e) and Federal Rule of Civil Procedure 12(b)(6).  The federal *in forma pauperis* statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. (28 USC § 1915(e)(2).)

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. (*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).)  The court, may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. (*Neitzke*, 490 U.S. at 327.)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in

1    a complaint, and the Court must decide whether the factual allegations are "enough to raise a

2    right to relief above the speculative level, on an assumption that all the allegations in the

3    complaint are true." (*Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 1965-9 (2007).)  A

     dismissal is proper either where there is a "lack of cognizable legal theory" or "insufficient facts
4
     under a cognizable legal theory." (*Smile Care Dental Group v. Delta Dental Plan of Cal., Inc.*,
5
     88 F. 3d 780, 783 (9th Cir. 1996).) In *Goldstein v. North Jersey Trust Co.* (SD NY 1966) 39 FRD
6
     363, 366; *In re: Baker* (BK D NV 1986) 66 BR 652, 653) the court held that for the purposes of
7
     (FRCP) Rule 12(b)(6), a "claim" means a set of facts which, if established, gives rise to one or
8
     more enforceable legal rights. A Rule 12(b)(6) dismissal is proper where there is a "lack of
9
     cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal
10
     theory."
11
          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
12
     which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
13
     support of the claim or claims that would entitle him to relief.  (*Hishon v. King & Spalding*, 467
14
     U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt*
15
     *Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).)  Generally in reviewing a
16
     complaint under this standard, the court must accept as true the allegations of the complaint in
17
     question, *Hospital Bldg. Co. V. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the
18
     pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
19
     *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, the Court need not accept as true
20
     factual allegations in *in forma pauperis* complaints.  It may reject "completely baseless"
21
     allegations, including those which the court finds "fanciful," "fantastic" or "delusional." (*Denton*
22
     *v. Hernandez* (1992) 504 U.S. 25, 32.)
23
     **Plaintiff's Allegations**
24

25        A).    **PLAINTIFF'S ALLEGATIONS THAT PLAINITFF NEVER**
          **RECEIVED ANY CORRESPONDENCE FROM THE LAW OFFICES OF**
26        **PATENAUDE AND FELIX APC PRIOR TO BEING SERVED WITH THE**
          **ORIGINAL LAWSUIT ON OR AROUND DECEMBER 26, 2010 IS**
27        **WITHOUT MERIT.**

28

Plaintiff claims that prior to being served on or around December 26, 2010, Plaintiff did not receive any correspondence from the Law Offices of Patenaude and Felix, APC including the Initial Demand Letter. However, prior to July 2010 (when the account was placed with P&F), Plaintiff provided to Co-Defendant Target the address of ███████████████████. Moreno Valley, CA. ████. Subsequently, the account was placed with the Law Offices of Patenaude and Felix for collection of the debt. On or around July 30, 2010, an Initial Demand Letter was sent to Plaintiff's same Moreno Valley address. This is the ***same*** address Plaintiff previously provided to Co-Defendant Target ***and*** still uses today. In fact, Plaintiff used the same address as point of contact in filing Plaintiff's Original Complaint as well as Plaintiff's First Amended Complaint. In addition, Plaintiff has been receiving billing statements, showing charges and payments to this ***same*** Moreno Valley address since 2008. It seems particularly odd, that the Initial Demand Letter was not also received at Plaintiff's same Moreno Valley address.

**B).   PLAINTIFF'S ALLEGATIONS THAT THE LAW OFFICES OF PATENAUDE AND FELIX APC AND/OR TARGET FAILED TO VALIDATE PLAINTIFF;S ACCOUNT IS WITHOUT MERIT AND EXTREMELY UNTIMELY.**

Plaintiff's sole basis for this action is premised on Plaintiff's mistaken belief that Co-Defendant Target was under an obligation to validate a debt that was 5 months too late. As Plaintiff concedes in Plaintiff's First Amended Complaint – Plaintiff sent a "Notice of Dispute" on July 6, 2011 to P&F. The "Notice of Dispute" was received by P&F on or around July 7, 2011.

Under 15 USC 1692f §809 (a)(3), a validation is not required "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". Plaintiff sent Co-Defendant P&F a request for validation on or about July 7 2011, nearly 6 months after Plaintiff was served with the lawsuit. (See Lodged Exhibit C: Plaintiff's Validation Request). Moreover, Plaintiff propounded discovery on Target which was responded to. Nonetheless, after the complaint was served on Plaintiff in the state court action, after Plaintiff filed an answer, after Plaintiff propounded discovery, Plaintiff *then* sent Co-Defendant Target a validation request. This request

was extremely untimely and moot since discovery has already been propounded by Plaintiff.

C).   **PLAINTIFF ALLEGES THAT CO-DEFENDANT JAUREGUI'S APPEARANCE AT THE MANDATORY CASE MANAGEMENT CONFERENCE CONSTITUTES A VIOALTION OF THE FDCPA.**

On July 13, 2011, Co-Defendant P&F appeared in court via associated local counsel, Antoiniette Jauregui, at a mandatory Case Management Conference. Plaintiff now claims, Co-Defendant Jauregui's appearance in court at the Case Management Conference was a violation of the Fair Debt Collections Practices Act (FDCPA).   Defendant strongly disagrees. Per court and local rules, Co-Defendant must appear or be faced with a possibility of having the court set an Order to Show Cause Re: Why Case Should Not Be Dismissed and possible sanctions. At the CMC , the court merely set trial dates.

III

**PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST CO-DEFENDANTS' BECAUSE PLAINTIFF'S ALLEGATIONS ARE VAGUE AND AMBIGUOUS.**

Plaintiff's causes of action are vague and fail to explain how the Defendants' actions in this case expose them to liability for any cause of action.   Plaintiff's allegations fail to identify any specific cause of action.   For example, there is not one allegation against Tiffany Lewis or Kevin Landrith aside from the fact that Plaintiff under "PARTIES" claims that each is "natural person" and a resident of their respective states. (See Plaintiff's First Amended Complaint 2:10,11).   Plaintiff has not in any ways shown how any of the Co-Defendant could have conceivably violated the FDCPA. The only mention of Co-Defendant Jauregui, is that she appeared at the Case Management Conference. Similarly, there are simply no allegations against Co-Defendants Target or P&F.   Plaintiff's allegations relating to Defendants' actions and motives are completely baseless, fanciful, and are clearly delusional. Plaintiff does not specifically allege any misconduct outside the purview of the FDCPA that was ever perpetrated by the Defendants.   Defendants can not make sense of Plaintiff's alleged causes of action,

whether stated or implied.  Therefore, this Court is requested to dismiss the complaint with prejudice.

IV

### IF PLAINTIFF'S COMPLAINT IS NOT DISMISSED WITH PREJUDICE, PLAINTIFF SHOULD BE REQUIRED TO AMEND HIS COMPLAINT BECAUSE THE COMPLAINT IS SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT REASONABLY BE REQUIRED TO FRAME A RESPONSIVE PLEADING.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but is so vague or ambiguous that the party cannot reasonably prepare a response." (Fed. Rule Civ. Pro. 12(e).)

A motion for more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail.  Thus, the motion fails where the complaint is specific enough to apprise defendant of the substance of the claim being asserted. (*Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (CD CA 1996).)

Plaintiff's allegations are wholly unintelligible as Plaintiff fails to properly state a cause of action or how any alleged conduct of Defendants sufficiently relates to a cause of action to constitute a cognizable claim. Plaintiff has made no specific or even general allegations against Co-Defendant Kevin Landrith, Co-Defendant Tiffany Lewis or Co-Defendant Antoiniette Jauregui. Target is not considered a "debt collector" under the FDCPA so the claims against Target are invalid.

If the Court denies Defendants' motion to dismiss for failure to state a claim, Defendants request that the Court issue an Order for a more definite statement, so that Defendants may respond intelligently to the claims asserted.

V

### PLAINTIFF HAS FAILED TO PROPERLY SERVE PROCESS ON ANY OF THE DEFENDANTS AND SHOULD BE REQUIRED TO DO SO PRIOR TO ANY ANSWER BEING FILED PURSUANT TO FRCP 4(c)(2) and

**12(b)(5)**

FRCP 4(c)(2) requires that Plaintiff personally serve the summons and complaint by process server , by an individual who is not a party, by a Marshall or by someone specially appointed. Plaintiff may also serve the summons and complaint via any authorized method of service permitted by the California Rules of Civil Procedure. (See FRCP 4(e)(1)

Plaintiff has failed to properly serve Co- Defendants as he served all Co-Defendants via United States Mail, Certified Return Receipt requested at the Law Offices of Patenaude and Felix at ██████████████ , San Diego, CA ████ . The FRCP does not permit a plaintiff to serve a summons and complaint via the US Mail.  Additionally, the California Rules of Civil Procedure do not permit service of a summons and complaint via the US Mail. Therefore, since plaintiff has failed to abide by the FRCP for service of summons and complaint, since Co-Defendants were not served by process server, a non party, a Marshall or specially appointed person, serve is insufficient and ineffective. Co-Defendants request that this Court order plaintiff to properly serve all defendants or dismiss his case pursuant to FRCP 4(m) as to all defendants whom are not properly served within 120 days of the filing of the complaint as required by FRCP 4(m) since it would otherwise extremely prejudice Co-Defendants.

## VI

## CO-DEFENDANTS' REQUESTS FOR SANCTIONS

These Co-Defendants are jointly and severally requesting this Court to act *sua sponte,* under its authority under FRCP Rule11(c)(2) to issue sanctions against the Plaintiff. Additionally, they are requesting, pursuant to this Court's inherent powers, and 28 USC § 1927, sanctions for Plaintiff's unreasonable filing. Plaintiff is merely attempting to improperly use the legal system to rid himself of a debt he rightfully owes.

Section 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United

States or any Territory thereof who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of

such conduct.

While that Section refers to an attorney, as is the case here, the case of *Wages v. Internal Revenue Service* (9th Cir. 1990) 915 F.2d 1230, 1235-1236, held that even a pro-se litigant can be sanctioned under Section 1927.

Moreover, although there is a split as to whether Section 1927 applies to the initial Complaint, in *Ridder v. City of Springfield* (6th Cir.1997) 109 F. 3d 288, 299, it was held that §1927 Sanctions can apply to the initial filing.  In addition to its Rule 11 powers, and Section 1927, the Court has inherent power to impose sanctions against parties for their "bad faith" conduct in litigation. See *Chambers v. NASCO, Inc.* (1991) 501 US 32, 43, 111 S. Ct. 2123, 2132; *Roadway Express, Inc. v. Piper* (1980) 447 US 752, 764-766, 100 S. Ct. 2455, 2463-2464. Further, "Bad faith" conduct may be sanctioned under a Court's inherent powers, even if it is also sanctionable under other Rules, such as Rule 11 or 28 USC § 1927. *Chambers v. NASCO, Inc.*, supra, 501 US at 46-48, 111 S.Ct. at 2134.

Even if by some chance this Court were to find the Plaintiff has a meritorious claim, it does not prevent it from finding "bad faith."  A finding of "bad faith" does not require that the legal and factual basis for the action to be totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar assessment of attorney's fees. See *Mark Industries, Ltd. v. Sea Captain's Choice, Inc.* (9th Cir. 1995) 50 F. 3d 730, 732, quoting *Lipsig v. National Student Marketing Corp.* (D.C. Cir. 1980) 663 F. 2d 178, 181.

"Sanctions are available for a variety of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."

*Fink v. Gomez* (9th Cir. 2001) 239 F.3d 989, 994.  Also, Courts have inherent equitable power to impose terminating sanctions (dismissal or default) for abusive litigation practices.  *TeleVideo Systems, Inc. v. Heidenthal* (9th Cir. 1987) 826 F. 2d 915, 916.

**VII**

**CONCLUSION**

As argued above, it is clear that this Plaintiff is improperly wasting this Court's time, and these Co-Defendants resources, to try and get out of a legitimate debt that he owes. It is respectfully requested that this Court not allow him to do so, and dismiss the Complaint, <u>with</u> prejudice, and award sanctions to the Co-Defendants.


Dated: November 30, 2011          **PATENAUDE & FELIX, A.P.C.**

                                  _____
                                  RAYMOND A. PATENAUDE, ESQ.
                                  Attorneys for Defendants
                                  TARGET NATIONAL BANK
                                  LAW OFFICES OF PATENAUDE & FELIX,
                                  TIFFANY LEWIS, KEVIN LANDRITH, ESQ.

EXHIBIT A

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>LAW OFFICES OF PATENAUDE & FELIX, A.P.C.<br>Raymond A. Patenaude, Esq. (#128855) / Victor S. Patenaude, Esq. (#216342)<br>Michael R. Boulanger, Esq. (#226294) / Michael D. Kahn, Esq. (#236698) / Tara Natarajan, Esq. (#263333)<br>4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123<br><br>     TELEPHONE NO.: 858-244-7675        FAX NO.: (858) 836-0318<br>ATTORNEY FOR *(Name):*  PLAINTIFF | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
  STREET ADDRESS:
  MAILING ADDRESS:  4050 MAIN STREET
  CITY AND ZIP CODE:  RIVERSIDE CA 92501
  BRANCH NAME:  RIVERSIDE CIVIL DIVISION

CASE NAME: TARGET NATIONAL BANK   vs.  RENE AVILA,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☒ Limited<br>(Amount<br>demanded is<br>$25,000 or | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

less)

*Items 1-5 below must be completed (see instructions on page 2).*

1.   Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☒ Rul 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2.  This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial post-judgment judicial supervision
3.  Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ non-monetary; declaratory or injunctive relief   c. ☐ punitive
4.  Number of causes of action *(specify):* ONE
5.  This case ☐ is ☒ is not a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 13, 2010

MICHAEL BOULANGER, ESQ.
      (TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CA_01 EFile Civil Case Cover               P&F File No.  10-75377

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collection Cases.** A "collection case' Under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as rule 3.740 collections case on this form means that it will be exempt form the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(non medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quite title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quite Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court Case Matter
    Writ—Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment ( Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT(S):**<br>*(AVISO AL DEMANDADO):*<br>RENE AVILA<br><br>and DOES 1 through 15, inclusive<br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>TARGET NATIONAL BANK | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su version. Lea la informacion a continuacion.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 o más de valor recibida mediante un acuerdo o una concesion de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>RIVERSIDE CIVIL DIVISION<br>4050 MAIN STREET<br>RIVERSIDE CA 92501 | **CASE NUMBER:**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855) / Victor S. Patenaude, Esq. (#216342)
Michael R. Boulanger, Esq. (#226294) / Michael D. Kahn, Esq. (#236898) / Tara Natarajan, Esq. (#263333)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
Telephone No. (858) 244-7600

| DATE:<br>*(Fecha)* | Clerk, by _____, Deputy<br>*(Secretario)*                                 *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

## NOTICE TO THE PERSON SERVED: You are served

| | |
|---|---|
| 1. ☐ | as an individual defendant. |
| 2. ☐ | as the person sued under the fictitious name of *(specify):* |
| 3. ☐ | on behalf of *(specify):* |

under:   ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CA_02 EFile SUM-100          P&F File No. 10-75377

PLD-C-001(20)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**<br>Raymond A. Patenaude, Esq. (#128855) / Victor S. Patenaude, Esq. (#216342)<br>Michael R. Boulanger, Esq. (#226294) / Michael D. Kahn, Esq. (#238898) / Tara Natarajan, Esq. (#263333)<br>4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123<br><br>TELEPHONE NO.: (858) 244-7600      FAX NO. *(Optional)*: (858) 836-0318<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  PLAINTIFF | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS:
MAILING ADDRESS:    4050 MAIN STREET
CITY STATE AND ZIP CODE:   RIVERSIDE CA 92501
BRANCH NAME:   RIVERSIDE CIVIL DIVISION

PLAINTIFF:   TARGET NATIONAL BANK

DEFENDANT(S):   RENE AVILA,
☒ and DOES 1 through 15, inclusive

| **CONTRACT** | | |
|---|---|---|
| ☒ **COMPLAINT** | ☐ **AMENDED COMPLAINT** *(Number):* | |
| ☐ **CROSS-COMPLAINT** | ☐ **AMENDED CROSS-COMPLAINT** *(Number)* | |

**Jurisdiction** (check all that apply):
☒ **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded  ☒ **does not exceed $10,000**
          ☐ **exceeds $10,000 but does not exceed $25,000**
☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint or cross-complaint**
    ☐ **from limited to unlimited**
    ☐ **from unlimited to limited**

CASE NUMBER:

1. **Plaintiff\*** (name or names): TARGET NATIONAL BANK

   alleges causes of action against **defendant(s)\*** *(name or names)*: RENE AVILA,

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3

3. a.  Each plaintiff named above is a competent adult
      ☒ **except** plaintiff *(name):* TARGET NATIONAL BANK
        (1) ☐ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe):*
        (3) ☒ other *(specify):*   a National Banking Association organized and existing under and by virtue of the law
        of the United States of America.
   b.  ☐ Plaintiff *(name):*
        a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*
        b. ☐ has complied with all licensing requirements as a licensed *(specify):*
   c.  ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a.  Each defendant(s) named above is a natural person
      ☐ **except** defendant *(name):*                    ☐ **except** defendant *(name):*
        (1) ☐ a business organization, form unknown        (1) ☐ a business organization, form unknown
        (2) ☐ a corporation                                 (2) ☐ a corporation
        (3) ☐ an unincorporated entity *(describe):*        (3) ☐ an unincorporated entity *(describe):*
        (4) ☐ a public entity *(describe):*                 (4) ☐ a public entity *(describe):*
        (5) ☐ other *(specify):*                            (5) ☐ other *(specify):*

Page 1 of 2

\*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(20) [Rev. January 1, 2007]

**COMPLAINT—Contract**

Code of Civil Procedure, § 425.12

**4.** *(Continued)*

    b.  The true names of defendant(s) sued as Does are unknown to plaintiff.

        (1) ☐ Doe defendant(s) *(specify Doe numbers):* _____ were the agents or employees of the named defendant(s) and acted within the scope of that agency or employment.

        (2) ☐ Doe defendant(s) *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

    c.  ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.

    d.  ☐ Defendant(s) who are joined under Code of Civil Procedure section 382 are *(names):*

**5.** ☐ Plaintiff is required to comply with a claims statute, **and**

    a.  ☐ has complied with applicable claims statutes, *or*

    b.  ☐ is excused from complying because *(specify):*

**6.** ☒ This action is subject to   ☒ Civil Code section 1812.10   ☐ Civil Code section 2984.4.

**7.** This court is the proper court because

    a.  ☐ a defendant(s) entered into the contract here.

    b.  ☐ a defendant(s) lived here when the contract was entered into.

    c.  ☒ a defendant(s) lives here now.

    d.  ☐ the contract was to be performed here.

    e.  ☐ a defendant(s) is a corporation or unincorporated association and its principal place of business is here.

    f.  ☐ real property that is the subject of this action is located here.

    g.  ☐ other *(specify):*

**8.** The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

    ☐ Breach of Contract

    ☒ Common Counts

    ☐ Other *(specify):*

**9.** ☒ Other allegations: Before commencement of this action, in those cases where recovery of costs is dependent on such notices, Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

**10. Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a.  ☒ damages of: 8699.58

    b.  ☒ interest on the damages

        (1) ☒ according to proof

        (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*

    c.  ☐ attorney's fees

        (1) ☐ of:

        (2) ☐ according to proof.

    d.  ☒ other *(specify):* FOR SUCH OTHER RELIEF AS THE COURT DEEMS JUST AND FAIR.

**11.** ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: September 13, 2010

MICHAEL BOULANGER, ESQ.
        (TYPE OR PRINT NAME)          ►         (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(2)

| SHORT TITLE:<br>TARGET NATIONAL BANK  VS.  RENE  AVILA, | CASE NUMBER: |
|---|---|

<u>FIRST</u>
_____(number)_____          **CAUSE OF ACTION—Common Counts**

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1.  Plaintiff *(name):*  TARGET NATIONAL BANK

　　　alleges that Defendant(s) *(name):* RENE  AVILA,

　　　became indebted to  ☒ plaintiff  ☐ other *(name):*

　　　a. ☒ within the last four years
　　　　(1) ☐ on an open book account for money due.
　　　　(2) ☒ because an account was stated in writing by and between plaintiff and defendant in which it was agreed that
　　　　　　 defendant was indebted to plaintiff.
　　　b. ☒ within the last ☐ two years ☒ four years
　　　　(1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
　　　　(2) ☐ for work, labor, services and materials rendered at the special instance and request of defendant and
　　　　　　 for which defendant promised to pay plaintiff
　　　　　　 ☐ the sum of $
　　　　　　 ☐ the reasonable value.
　　　　(3) ☐ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised
　　　　　　 to pay plaintiff
　　　　　　 ☐ the sum of $
　　　　　　 ☐ the reasonable value.
　　　　(4) ☐ for money lent by plaintiff to defendant at defendant's request.
　　　　(5) ☐ for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
　　　　(6) ☒ other *(specify):*  THIS CAUSE OF ACTION IS BASED UPON ACCOUNT NUMBER XXXXXXXXXXX8932
　　　　　　 FOR THE SUM BY WHICH DEFENDANT HAS BEEN UNJUSTLY ENRICHED BY VIRTUE OF DEFENDANT
　　　　　　 RECEIVING MONETARY OR OTHER BENEFIT, BY DEFENDANT KNOWINGLY REQUESTING THE FUNDS
　　　　　　 AT ISSUE AND/OR ACCEPTING THE BENEFITS BESTOWED.  IT IS INEQUITABLE FOR DEFENDANT TO
　　　　　　 RETAIN SAID BENEFITS WITHOUT REPAYING PLAINTIFF THE VALUE THEREOF.

CC-2.  $8,699.58, which is the reasonable value, is due and unpaid despite plaintiff's demand,
　　　plus prejudgment interest  ☒ according to proof  ☐ at the rate of _____ percent per year
　　　from *(date):*

CC-3.  ☐ Plaintiff is entitled to attorney fees by an agreement or a statute
　　　　☐ of $
　　　　☐ according to proof.

CC-4.  ☒ Other:  FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST AND FAIR.

Page _____3_____
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [January 1, 2009]　　　**CAUSE OF ACTION—Common Counts**　　　Code of Civil Procedures, § 425.12

**SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**

| | | | |
|---|---|---|---|
| ☐ **BANNING** 155 E. Hays, Banning, CA 92220 | | ☐ **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 | |
| ☐ **BLYTHE** 265 North Broadway, Blythe, CA 92225 | | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 | |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | | ☐ **RIVERSIDE** 4175 Main St., Riverside, CA 92501 | |
| ☐ **INDIO** 46-200 Oasis St., Indio, CA 92201 | | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 | |

Name and Address:
**LAW OFFICES OF PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855) / Victor S. Patenaude, Esq. (#216342)
Michael R. Boulanger, Esq. (#226294) / Michael D. Kahn, Esq. (#236898) / Tara Natarajan, Esq, (#263333)
4545 Murphy Canyon Road, 3rd Floor, San Diego, CA 92123
Attorney for Plaintiff
or Party without Attorney

TARGET NATIONAL BANK

Plaintiff(s)

vs.

RENE AVILA,

Defendant(s)

CASE NO. _____

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the
RIVERSIDE CIVIL DIVISION Court for the following reason:

☐ The action arose in this judicial district.

☐ The action concerns real property located in this judicial district.

☒ The defendant resides in this judicial district.

Dated: September 13, 2010

Signed by: _____
PATENAUDE & FELIX, A.P.C.
MICHAEL BOULANGER, ESQ.
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

(Rev. 07/01/2003)                **CERTIFICATE OF COUNSEL**                RI-030

CA_11 Efile RIV Cert of Counsel                P&F File No. 10-75377

EXHIBIT B

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

| 4545 MURPHY CANYON RD., 3RD FL SAN DIEGO, CALIFORNIA 92123 TEL (858) 244-7600 (800) 832-7675 FAX (858) 836-0318 | 213 EAST MAIN STREET CARNEGIE, PENNSYLVANIA 15106 TEL (412) 429-7675 (800) 832-7675 FAX (412) 429-7679 | 1771 EAST FLAMINGO RD., STE. 112A LAS VEGAS, NEVADA 89119 TEL (702) 952-2032 (800) 867-3092 FAX (702) 952-8286 | 522 SW 5th AVENUE, STE. 1210 PORTLAND, OREGON 97204 TEL (503) 208-2676 (800) 832-7675 | 4727 44th AVENUE, STE. 103 SEATTLE, WASHINGTON 98116 TEL (800) 832-7675 (206) 906-9694 |

July 30, 2010

430559/468873

RENE AVILA

MORENO VALLEY CA

RE:  Our Client:          TARGET NATIONAL BANK (2050-1)
     Account Number:     XXXXXXXXXXXX8932
     Our File Number:     10-75377
     Balance Due:         $8,699.58

Dear Rene Avila:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs, prejudgment interest and attorney's fees in addition to the principal amount currently owed.  If you wish to eliminate further collection action, please contact us at (800) 832-7675.

Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment.  Futher, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

**LAW OFFICE OF PATENAUDE & FELIX**

### THIS COMMUNICATION IS FROM A DEBT COLLECTOR

PF_03 Ltr Initial Demand          P&F File No. 10-75377

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EXHIBIT

C

10-75377

1   Rene Avila

2   MORENO VALLEY, CA
    Phone:
3   Plaintiff Pro Per

4

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 09 2011

Z. Munguia

5          SUPERIOR COURT OF CALIFORNIA, RIVERSIDE COUNTY

6

7   TARGET NATIONAL BANK,

8               PLAINTIFF

9   v.                                    CASE NO.  RIC 10024352

10  RENE AVILA,

11              DEFENDANT
    _____/

12

13                        **NOTICE of DISPUTE**

14

15  Defendant, René Avila (the "Consumer"), pursuant to 15 USC.§ 1692g(b), give notice

16  that:

17

18  1. The debt, or a portion thereof, is disputed.

19  2. The Consumer requests verification of the debt.

20  3. The Consumer requests the name and address of the original creditor.

21  4. The Consumer requests validation of the debt, to wit, the chain of title to the debt and

22  a history of charges and payments thereon.

23

24  DATED this 6th day of July, 2011

25

26                                              René Avila. Defendant

27                                              Moreno Valley, CA

28

CERTIFICATE OF SERVICE

I Nancy Avila hereby certify that a copy of the foregoing was sent to Plaintiff, by first class mail addressed to:  Patenaude & Felix, A.P.C., Attorneys for Plaintiff at:  4545 Murphy Canyon Road, 3rd Floor, San Diego CA,  92123-4363 on this 6th day of July, 2011.

By: _Nancy Avila_

**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898)
Tara Natarajan, Esq. (#263333)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123-4363
(858) 244-7600 Fax (858) 836-0318

Attorneys for Defendants
TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, A.P.C,
KEVIN LANDRITH, and TIFFANY LEWIS,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE AVILA<br><br>Plaintiff,<br><br>v.<br><br>TARGET NATIONAL BANK, Law offices of PATENAUDE & FELIX, A.P.C.; KEVIN LANDRITH, TIFFANY LEWIS, AND ANTOINIETTE JAUREGUI.<br><br>Defendants. | Case No. ED CV 11-01505<br><br>**PROOF OF SERVICE** |

## DECLARATION OF SERVICE

I, Jun Wan, declare:

I am employed in the County of San Diego, State of California;  I am over the age of 18 years and not a party to this action; my business address is 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123.

I further declare that I am readily familiar with the business practice of Patenaude & Felix, A.P.C. for service of documents, that documents served by facsimile are transmitted in and the original deposited with the United States Postal Service in our ordinary course of business on the same day, the documents served by mail are deposited with the United States Postal Service in the ordinary course of business the same day and that documents served personally are delivered the same day.

////

2

**PROOF OF SERVICE**

*Left margin (vertical):* PATENAUDE & FELIX, A.P.C. / ATTORNEYS AT LAW / 4545 MURPHY CANYON ROAD / SAN DIEGO, CALIFORNIA 92123-4363 / TELEPHONE (858) 244-7600 • FACSIMILE (858)

On 30 Day of November, 2011, I served the following document(s):

1. **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED; REQUEST FOR SANCTIONS**
2. **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AND/OR A MORE DEFINITE STATEMENT**
3. **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

RENE AVILA
10055 SYCAMORE CANYON RD
MORENO VALLEY, CA 92557
in *Pro Per*

in the following manner of service (check appropriate):

_____**XX**_____   **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing in affidavit.

_____   **BY FACSIMILE:** I transmitted all documents to all parties in this action by facsimile at the telephone number(s) indicated above and thereafter placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at the Law Offices of PATENAUDE & FELIX A.P.C., San Diego, California.

_____   **BY DHL EXPRESS:** I caused such documents to be delivered by DHL Express to the offices of the addressee(s)

_____   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s) above.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on 30 Day of November, 2011, at San Diego, California.

_____
Jun Wan

3

**PROOF OF SERVICE**

PATENAUDE & FELIX, A.P.C.
ATTORNEYS AT LAW
4545 MURPHY CANYON ROAD
SAN DIEGO, CALIFORNIA 92123-4363
TELEPHONE (858) 244-7600 • FACSIMILE (858)