**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898)
Tara Natarajan, Esq. (#263333)
Kevin S. Landrith, Esq. (#125739)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123-4363
(858) 244-7600  Fax (858) 836-0318

Attorneys for TARGET NATIONAL BANK, LAW OFICES OF PATENAUDE & FELIX, APC, and KEVIN LANDRITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE AVILA,<br><br>                                                 Plaintiff,<br><br>vs.<br><br>TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC KEVIN LANDRITH, TIFFANY LEWIS, and ANTOINIETTE JAUREGUI,<br><br>                                                 Defendant | Case No.: EDCV11-01505<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>[FRCP RULE 12(b)(6)]<br><br>Date:                    January 30, 2012<br>Time:                   1:30 PM<br>Dept:                    6<br>Judge:                  Hon. **Stephen v. Wilson**<br>Complaint Filed:   September 27, 2011 |

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE that on January 30, 2012 at 1:30 PM this matter will be heard in Dept. 6 at the above-entitled court, located at 312 N. Spring Street, Los Angeles, CA 90012, Co-Defendants, TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC, and KEVIN LANDRITH will jointly and severally move pursuant to FRCP 12 (b)(5) and 12(b)(6) because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

/ / / / /

/ / / / /

1

Defendant's reply to Plaintiff's Opposition to Motion To Dismiss.                                        Case#: ED CV 11-01505

Further, pursuant to FRCP Rule 11, this Court's inherent powers, and 28 USC 1927, Co-Defendants will also request sanctions because of his unreasonable and vexatious Complaint.

Date: January 23, 2011

PATENAUDE & FELIX, A.P.C.

By: _____
Raymond A. Patenuade, Esq.
Attorneys for Defendants
TARGET NATIONAL BANK
LAW OFFICES OF PATENAUDE & FELIX,
KEVIN LANDRITH, ESQ.

2

Defendant's reply to Plaintiff's Opposition to Motion To Dismiss.        Case#: ED CV 11-01505

PATENAUDE & FELIX, A.P.C.
Raymond A. Patenaude, Esq. (#128855)
Michael R. Boulanger, Esq. (#226294)
Michael D. Kahn, Esq. (#236898)
Tara Natarajan, Esq. (#263333)
Kevin S. Landrith, Esq. (#125739)
4545 Murphy Canyon Road, 3rd Floor
San Diego, California 92123-4363
(858) 244-7600  Fax (858) 836-0318

Attorneys for TARGET NATIONAL BANK, LAW OFICES OF PATENAUDE & FELIX, APC, and KEVIN LANDRITH

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA, BERKELEY COURTHOUSE

| | |
|---|---|
| RENE AVILA, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET NATIONAL BANK, LAW OFFICES OF PATENAUDE & FELIX, APC KEVIN LANDRITH, TIFFANY LEWIS, and ANTOINIETTE JAUREGUI, <br><br> Defendant | Case No.: EDCV11-01505 <br><br> **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** <br><br> [FRCP RULE 12(b)(6)] <br><br> Date: January 30, 2012 <br> Time: 1:30 PM <br> Dept: 6 <br> Judge: Hon. **Stephen v. Wilson** <br> Complaint Filed: September 27, 2011 |

I.

# INTRODUCTION

The basis of this action is a State court action, wherein a credit card that was issued to Plaintiff at his request. He used the card, made payments on the card, then defaulted on those payments. As a result, Co-Defendant, Target National Bank (hereinafter "Target'), represented by Co-Defendant Patenaude & Felix, A.P.C., (hereinafter "P&F"), a law firm, filed suit against Plaintiff, Rene Avila (hereinafter "Plaintiff"), on or about September 8, 2010. Plaintiff answered that lawsuit on or around January 25, 2011 and proceeded to propound discovery on the matter. Co-Defendant Target responded to Avila's Discovery Requests on or around March 03, 2011.

3

Defendant's reply to Plaintiff's Opposition to Motion To Dismiss.        Case#: ED CV 11-01505

Judgment was obtained on the state court matter on or around December 2, 2011. On or around, July 11, 2011, after having received Co-Defendant Target's discovery responses, Avila, requested validation of the account, nearly 6 months after being sent the initial demand letter (See Exhibit B of Defendants' Motion to Dismiss: Initial Demand Letter and Exhibit C of Defendants' Motion to Dismiss: Plaintiff's Notice of Dispute). Pursuant to 15 USC 1692(f), Plaintiff was under no obligation to satisfy this request at that time. Furthermore, although Plaintiff claims the Initial Demand Letter was never received, it was sent to the *same* address Plaintiff provided to Co-Defendant Target *and* still uses today. In fact, Plaintiff used the same address as point of contact in filing Plaintiff's Complaint.

On or around July13, 2011, Co-Defendant P&F appeared in court via associated local counsel, Antoiniette Jauregui (hereinafter "Jauregui"), at a mandatory Case Management Conference. Plaintiff now claims, Co-Defendant Jauregui's appearance in court at the Case Management Conference was a violation of the Fair Debt Collections Practices Act (FDCPA).

II.

## ARGUMENT

A).  **PLAINTIFF'S ARGUMENT THAT PLAINITFF NEVER RECEIVED THE INITIAL DEMAND LETTER FROM THE LAW OFFICES OF PATENAUDE AND FELIX APC IS MOOT.**

Plaintiff claims that prior to being served on or around December 26, 2010, Plaintiff did not receive the initial demand letter from the Law Offices of Patenaude and Felix, APC, and therefore Plaintiff missed his opportunity to timely request a validation of the debt. This point is entirely moot.

Defendant P&F contends that the initial demand letter was sent to Plaintiff on or around July 30, 2010 (See Exhibit B of Defendant's Motion to Dismiss). The initial demand letter was sent to the address the Plaintiff provided to Target and still maintains as Plaintiff's current address.

Defendant's only duty was to send the initial demand letter to Plaintiff's last known address. In this case, Plaintiff's last known address was a current address provided by Plaintiff to Target and re-confirmed via the mailing and receiving of subsequent correspondence to Plaintiff's address. Defendant has satisfied its duty by sending the initial demand letter to Plaintiff at Plaintiff's current address. Thus, there is no violation here.

Moreover, a validation request must be made within 30 days of the date of initial demand letter. Any request outside of the 30 day period is ineffective. (See Crain v. Pinnacle Fin. Group, Inc., 2007 WL 3408540 (E.D. Mich Nov 14, 2007) (where consumer did not request verification within thirty day period, she had no claim); Shah v. Collecto Inc., 2005 WL 2216242 (D. Md. Sept. 12 2005) (consumer's request for verification outside request period did not impose liability under § 1692g).

Finally, Plaintiff argues that "his first contact from the Law Offices of Patenaude & Felix. APC was when he was served with a lawsuit for this alleged debt." See Plaintiff's Opposition to Motion To Dismiss the First Amended Complaint Page 3, Line16-18). Defendants do not believe this to be true. Between July 29, 2010 and September 21, 2010, *prior to the service of the lawsuit,* Defendant P&F

5

contacted Plaintiff at a telephone number that is still valid today. Thus, Defendant argue that the lawsuit by no means was the first communication.

### B). PLAINTIFF'S ARGUMENT THAT HIS DEBT WAS NOT VALDIATED IS MOOT AND EXTREMELY UNTIMELY.

Assuming that for some reason, Plaintiff never received the initial demand letter that was sent to him, Plaintiff's argument is still moot because Plaintiff later conducted discovery to verify the debt. Consumers are afforded the opportunity to dispute a debt to determine its validity. Although, Plaintiff claims he missed this initial opportunity because he never received the initial demand letter, Plaintiff utilized discovery tools to later verify the debt. On or around March 3, 2011, Plaintiff was sent Responses to the Discovery he had propound including the terms and conditions of this credit card agreement and billing statements. Nonetheless, Plaintiff sent a "Notice of Dispute" on July 6, 2011to P&F. The "Notice of Dispute" was received by P&F on or around July 7, 2011.  This notice was extremely untimely and moot.

Plaintiff's sole basis for this action is premised on Plaintiff's mistaken belief that Co-Defendant Target was under an obligation to validate a debt that was 5 months too late. Under 15 USC 1692f §809 (a)(3), a validation is not required "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". Plaintiff sent Co-Defendant P&F a request for validation on or about July 7 2011, nearly 6 months after Plaintiff was served with the lawsuit. (See Lodged Exhibit C: Plaintiff's Validation Request).  Moreover, Plaintiff propounded discovery on Target which was responded to. This request was extremely untimely and moot since discovery has already been propounded by Plaintiff.

### C). PLAINTIFF ARGUMENT THAT CO-DEFENDANT JAUREGUI'S APPEARANCE AT THE MANDATORY CASE MANAGEMENT CONFERENCE CONSTITUTES A VIOALTION OF THE FDCPA IS WHOLLY WITHOUT MERIT.

On July 13, 2011, Co-Defendant P&F appeared in court via associated local counsel, Antoiniette Jauregui, at a mandatory Case Management Conference. Plaintiff now claims, Co-Defendant Jauregui's appearance in court at the Case Management Conference was a violation of the Fair Debt Collections

Defendant's reply to Plaintiff's Opposition to Motion To Dismiss.          Case#: ED CV 11-01505

5

Practices Act (FDCPA), because Defendant did not cease collection activity, rather Defendant appeared at a case management conference. Defendant strongly disagrees. Per court and local rules, Co-Defendant must appear or be faced with a possibility of having the court set an Order to Show Cause Re: Why Case Should Not Be Dismissed and possible sanctions. There were no settlement negotiations conducted at this hearing.

Moreover, some debt collection activities are permitted during the validation period. Palmer v. Stassinos, 348 F. Supp. 2d 1070 (N.D. Cal. 2004) (debt collector was not required to suspend debt collection activities, including pursuing litigation options, during the period requesting validation.)

In this case, at the time of the case management conference, the validation period had expired for several reasons. First and foremost, validation was not properly requested within the initially 30 days. However, for arguments sake, even if it was, the debt would have been validated since it was validated through discovery. At the time of the case management conference, this debt, by no means was in any validation period. And even if it was, appearing at a case management conference does not constitute an FDCPA violation.

## III

## PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST CO-DEFENDANTS' BECAUSE PLAINTIFF'S ALLEGATIONS ARE VAGUE AND AMBIGUOUS AND WITHOUT AUTHORITY.

Plaintiff's causes of action are vague and fail to explain how the Defendants' actions in this case expose them to liability for any cause of action. Plaintiff's allegations fail to identify any specific cause of action. For example, there is not one allegation against Kevin Landrith. Similarly, there are no ascertainable allegations against Co-Defendants Target or P&F. Finally, Target, as the original creditor is not considered a "debt collector" as defined by §1692 and is excluded from such allegations.

5

Defendant's reply to Plaintiff's Opposition to Motion To Dismiss.            Case#: ED CV 11-01505

The Federal Trade Commission has commented on this very issue and has opined that, "A credit card issuer that collects its cardholder's account, even when the account is based upon purchases from participating merchants, because the issuer is collecting its own debts, not those "owed or due another." FTC Staff Commentary on the Fair Debt Collection Practices Act [*53 Fed. Reg. 50097-50110 (Dec. 13, 1988)*]

Plaintiff has not in any way shown how any of the Co-Defendants have violated the FDCPA. Defendants cannot make sense of Plaintiff's alleged causes of action, whether stated or implied. Even if the court were to accept as true the allegations of Plaintiff's complaint, there would still be no violation committed by the Defendants. Therefore, this Court is requested to dismiss the complaint with prejudice.

## VII

## CONCLUSION

As argued Above, Defendant request that Plaintiff's Complaint be dismiss <u>with</u> prejudice, and award sanctions to the co-Defendant.

Date: January 23, 2011

PATENAUDE & FELIX, A.P.C.

By: _____
Raymond A. Patenuade, Esq.
Attorneys for Defendants
TARGET NATIONAL BANK
LAW OFFICES OF PATENAUDE & FELIX,
KEVIN LANDRITH, ESQ.

5

Defendant's reply to Plaintiff's Opposition to Motion To Dismiss.        Case#: ED CV 11-01505